BRANSBY POINT ASSOCIATES and
**Roger R. Bilodeau, Plaintiffs**

v.

**MONTSERRAT DEVELOPMENT CORPORATION, Bransby Point Development Corporation, Bransby Development, Ltd., and David B. Liese, Defendants**

No. 00–296–P–C.

United States District Court,
D. Maine.

Dec. 17, 2001.

Kevin R. Haley, Daniel Nuzzi, Matthew P. Schaefer, Brann & Isaacson, Lewiston, ME, for Bransby Point Associates, Roger R Bilodeau, plaintiffs.

C. Alan Beagle, Beagle & Ridge, LLC, Portland, ME, Michael J. Pearce, Esq., Portland, ME, for Montserrate Development Corporation, Bransby Point Development Corporation, Bransby Development, Ltd.;, David B Liese, defendants.

**MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

GENE CARTER, District Judge.

Plaintiffs bring this action for breach of contract (Count I) and conversion (Count II). *See* Complaint (Docket No. 1). Defendants filed a Counterclaim for unjust enrichment. *See* Answer and Counterclaim (Docket No. 4). Now before the Court are Plaintiffs' and Defendants' Motions for Summary Judgment. *See* Plaintiffs' Motion for Summary Judgment (Docket No. 9) and Defendant's Motion for Summary Judgment (Docket No. 12). For the reasons that follow, the Court will grant Defendants' Motion for Summary Judgment and deny Plaintiffs' Motion for Summary Judgment.

## FACTS

Plaintiff Bransby Point Associates ("BPA") was a Maine general partnership whose partners, and their respective ownership interests in the partnership, were: The Pearl Company (71%); Helen Bilodeau Development Corporation (22%); and Steven Kurutz Associates, Ltd. (7%). Affidavit of Roger Bilodeau (Docket No. 11) ¶ 2; Bilodeau Depo. at 16, 25. In May

1992, BPA owned certain real property, "Bransby Point," on the Island of Montserrat, West Indies ("the Property"). Bilodeau Aff. ¶ 4. BPA and Defendant Montserrat Development Corporation ("MDC") entered into a Purchase and Sale Agreement dated May 1992 for the Property. Bilodeau Aff. ¶ 4; Bilodeau Aff. Exhibit A. The purchase and sale transaction provided for in the Agreement closed in March 1993.[1] Bilodeau Aff. ¶ 5; Affidavit of David Liese ¶ 3. Two of the partners in BPA—the Pearl Company and Steven Kurutz Associates, Ltd.—"went bankrupt." Bilodeau Aff. ¶ 2; Bilodeau Depo. at 24. The remaining partner—Helen Bilodeau Development Corporation ("HBDC")—was dissolved on May 12, 1992. Bilodeau Aff. ¶ 3. Plaintiff Bilodeau was the sole director of the HBDC during its operation. Bilodeau Aff. ¶ 1.

## DISCUSSION

Plaintiffs bring this action for breach of contract and conversion under the "Abandonment" provision of the Purchase and Sale Agreement between BPA and the MDC.[2] Defendants argue that Roger R. Bilodeau is not a proper party to this suit because the Complaint fails to state a claim by him personally against any Defendant. Plaintiffs admit that Bilodeau has no personal right to bring this action, but claim that his standing to bring this action arises as a former director of the now-dissolved Helen Bilodeau Development Corporation ("HBDC").

The undisputed facts establish that the HBDC was a partner in BPA and that Roger Bilodeau was the sole director of the HBDC. Bilodeau Aff. ¶¶ 1 and 2. The HBDC was dissolved on May 12, 1992. Bilodeau Aff. ¶ 3. Although Plaintiffs accurately point out that after dissolution a corporation's directors are vested with the authority to dispose of any undistributed property of the corporation, see 13–A M.R.S.A. § 1122(2)[3], Maine's corporate survival statute clearly prohibits the assertion of any claim by a corporation, or any officer, director or shareholder purportedly acting for the corporation, commencing more than two years after its dissolution. See 13–A M.R.S.A. § 1122(1).[4] The intent

---

1. Defendant Bransby Point Development Corporation ("BPDC") is the successor to MDC with respect to the Purchase and Sale Agreement. Bilodeau Aff. ¶ 5. BPDC had succeeded MDC at the time of the closing. Bilodeau Aff. ¶ 5.

2. Paragraph 10 of the Agreement provides:
   *Abandonment.* The Buyer agrees that in the event the Buyer is unable to secure a reasonable financing commitment for a condominium and/or timeshare resort development as determined by the Buyer in its sole discretion within three years from the date of Closing or abandons the project at any time, the Buyer will transfer the capital stock of the Montserrat Development Corporation back to the Seller free and clear of all taxes, liens, or charges . . . .
   Bilodeau Aff. Exhibit A at 3.

3. 13–A M.R.S.A. § 1122(2) provides:
   After dissolution of a corporation, the directors as of the date of dissolution, or the survivors of such directors, shall be deemed liquidating trustees of the corporation with authority to take all action necessary or appropriate to dispose of any undistributed property of the corporation.

4. 13–A M.R.S.A. § 1122(1) provides:
   The dissolution of a corporation, either by the filing by the Secretary of State of the articles of dissolution or by a decree of court, shall not take away or impair any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing, or any liability incurred, prior to such dissolution, if action or other proceeding thereon is commenced within 2 years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as

of the survival statute was upheld in *Sturtevant v. Town of Winthrop*, 1999 ME 84, 732 A.2d 264 (Me.1999). In *Sturtevant*, the Law Court affirmed the decision of the trial court to set aside a jury verdict in favor of the plaintiff on the ground that the plaintiff had no standing to pursue the breach of contract action. The survival statute prohibited the corporation from commencing the action more than two years after dissolution. The plaintiff had presented no credible evidence that the contract had been assigned to him before dissolution. The Law Court declined to find that the contract vested upon corporate dissolution in the plaintiff as a shareholder, stating, "We are persuaded that in enacting the survival statute the Legislature intended that a corporation assert all of its claims within a two year period and claims that are not asserted are lost." *Id.* at 269. Given its dissolution on May 12, 1992, Mr. Bilodeau had authority to act on behalf of the HBDC only until May 12, 1994. That date has long since passed, and Mr. Bilodeau's authority to act has passed with it. Mr. Bilodeau, therefore, has no standing to sue on behalf of the HBDC.

■ Plaintiffs assert that as the only nonbankrupt partner of BPA, the HBDC is authorized to sue on behalf of BPA to enforce its rights under the Purchase and Sale Agreement. The Court disagrees; and, for the same reason that Mr. Bilodeau lacked standing to sue, the HBDC itself cannot bring this claim on behalf of BPA. Dissolution of a partnership is caused, among other reasons, by the bankruptcy of any partner of the partnership. *See* 31 M.R.S.A. § 311(4). There is no dispute that two of the BPA partners—The Pearl

Company and Steven Kurutz Associates, Ltd.—"went bankrupt" sometime in the early 1990s. Bilodeau Aff. ¶ 2; Bilodeau Depo. at 24. Thus, BPA was dissolved by operation of statute sometime in the early 1990s when The Pearl Company and Steven Kurutz Associates, Ltd. went bankrupt. Upon dissolution, a partnership is not terminated, but continues until the winding up of the partnership's affairs are complete. *See* 31 M.R.S.A. § 310.[5] After dissolution, Maine partnership law gives any surviving partner, who is not bankrupt, the authority to bind the partnership "[b]y any act appropriate for winding up partnership affairs or completing transactions unfinished at dissolution." 31 M.R.S.A. §§ 315–A(1)(A); *see also* 31 M.R.S.A. § 315–A(3)(B) and § 317. However, in order to take any action on behalf of the dissolved partnership, it is understood that the entity is legally cognizable. The HBDC is no longer a legally cognizable entity and, thus, it has no standing to bring this action on behalf of BPA. Moreover, on this record, the Court finds that neither of the other two partners in BPA has authority to bring this suit.

The Court **ORDERS** that Defendants' Motion for Summary Judgment against Plaintiffs Roger R. Bilodeau and Bransby Point Associates be, and it is hereby, **GRANTED.** The Court **FURTHER ORDERS** that Plaintiffs' Motion for Summary Judgment be, and it is hereby, **DENIED.**

---

shall be appropriate to protect such remedy, right or claim.

**5.** 31 M.R.S.A. § 310 provides that "[o]n dissolution, the partnership is not terminated, but continues until the winding up of partnership affairs is completed."